**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4691

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

ALVAN DEVON HOLT,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  William L. Osteen, District Judge.  (CR-04-53)

Submitted:  August 9, 2006                Decided:  August 30, 2006

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellant.  Steven T. Meier, MALONEY AND MEIER, L.L.C., Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The government appeals the judgment dismissing drug and firearms charges against Alvan Devon Holt. The dismissal came after the district court held that a search warrant -- whose execution yielded the only evidence against Holt -- was not supported by probable cause and that the fruits of the search were not admissible under the good faith exception set forth in United States v. Leon, 486 U.S. 897 (1984). We affirm.


I.

On the morning of January 2, 2004, Officer S.S. Greene of the Charlotte Mecklenburg Police Department received information from a confidential source about sales of marijuana. Greene was at the time a police force veteran of over four years, who had more than one year of experience in drug enforcement. He had been involved in at least 350 drug arrests and 150 search warrants. Greene presented the informant's tip in an application to a state magistrate for a search warrant for the single story dwelling located at 235 Kingville Drive in Charlotte, North Carolina. The application also described a person to be searched as "a black male, called 'Big Al' known as Alvan Devon Holt, [born] 8/23/74 with medium complexion [and] approximately 6'3" and 265 pounds." J.A. 14. The affidavit that Greene submitted read in part:

> I have received information from a confidential and
> reliable informant who states they have been to the above

2

listed location and observed the above described black male possessing and selling marijuana from the above listed location. This informant has witnessed the above described black male possessing and selling marijuana from the above listed location within the last 48 hours. The officer has known the informant for approximately 2 years. During this time, the informant has given me information on drug activity that I have been available [sic] to verify through my own independent investigations. During this time, the informant has made purchases of controlled substances under the direct supervision of this officer. The informant admitted to using a controlled substance and is familiar with how marijuana is packaged for sale in the Charlotte area.

J.A. 14. This affidavit was the only support presented to the magistrate. No additional testimony or information confirmed the reliability of the source or established a nexus between the premises to be searched and the alleged drug activity.

Based on the affidavit alone, the magistrate issued the warrant on January 2, 2004. The warrant authorized the seizure of "[m]arijuana, a controlled substance, evidence of ownership, access or control of property, firearms, pagers, cellular phones, currency an[d] other items of drug furtherance." J.A. 14. Later that day, officers searched the specified premises and found Holt as well as quantities of marijuana and cocaine, a scale, a loaded firearm, approximately $7,500 in cash, and other items suggesting drug distribution. A three-count indictment filed in August 2004 in the Western District of North Carolina charged Holt with possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1); and the use and

carrying of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The government's case against Holt consisted entirely of the evidence seized during the January 2, 2004, search.

On November 15, 2004, two days before trial, Holt moved to invalidate the search warrant and to suppress the evidence seized. The court took the motion under advisement, permitted the government time to respond, and proceeded with the trial. Holt was convicted by the jury on all counts. A few days after the verdict, the government submitted its response to Holt's motion to suppress.

At the sentencing hearing in June 2005 the district court granted Holt's motion. The court determined that the affidavit lacked critical information, even assuming that the confidential source was sufficiently reliable. As the court explained:

> There is no indication [in the affidavit] that [the defendant] Big Al resides at the premises or has ever been on the premises prior to this single occasion. There is no indication that Big Al owns, or pays rent, or is an invited guest at 235 Kingville Drive. There is no information provided to show whether the sale was inside or outside the house. There is no information that Big Al had an additional amount of marijuana for sale or that he would return with more at a later time. There is not even an indication of the quantity sold on that one occasion. In short, there is no information that links ongoing or future drug activity to this home, and thus there is no indication that a search of the home would yield any evidence of drug activity.

J.A. 34-35. For these reasons, the court continued, the affidavit failed to provide the magistrate with a substantial basis for determining that drugs and other contraband would be found at 235

Kingville Drive. J.A. 35. As the affidavit was the only information presented to the magistrate, the district court concluded that the magistrate lacked sufficient information to exercise independent judgment about the existence of probable cause. Accordingly, the court ruled that the warrant was invalid. See Leon, 468 U.S. at 914-15; Illinois v. Gates, 462 U.S. 213, 238-39 (1983); United States v. Lalor, 996 F.2d 1578, 1582-83 (4th Cir. 1993).

The district court further concluded that the Leon good faith exception did not save the fruits of the search from suppression. "[A]ny officer who had experience and training should have known that Officer Greene's affidavit, which is the only information the magistrate had, provided no [indicia of probable] cause to believe contraband would be found at 235 Kingville Drive." J.A. 45. From an objective standpoint, the court suggested, any reasonably well-trained officer -- especially one with Officer Greene's training and experience -- would have known that the search was illegal despite the magistrate's authorization. The affidavit thus fit the third circumstance identified in Leon that bars application of the good faith exception. Specifically, "the officer will have no reasonable grounds for believing that the warrant was properly issued" because the affidavit on which the warrant was based was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

5

<u>Leon</u>, 468 U.S. at 923 (footnote and internal quotation marks omitted); <u>see also</u> <u>United States v. Bynum</u>, 293 F.3d 192, 195 (4th Cir. 2002).  The district court suggested that had the officers taken steps to verify Holt's connection to the home, for example by providing "a utility bill in his name or some information that his girlfriend owned the home, the search may have survived scrutiny." J.A. 45-46.  Absent such a step, the search was invalid even under the <u>Leon</u> exception.  Accordingly, the district court granted Holt's motion to suppress.  J.A. 46.

In the meantime, the government had stipulated that the case would have to be dismissed if the evidence from the search was suppressed, because no other evidence was presented at trial. Therefore, having granted Holt's motion, the district court entered a judgment order dismissing the charges against him. J.A. 47.  The government appeals the judgment, arguing that the district court erred in suppressing the evidence seized pursuant to the search warrant.

II.

After reviewing the joint appendix and the briefs of the parties, we affirm on the reasoning of the district court.  <u>See</u> <u>United States v. Holt</u>, No. 3:04-CR00053 (W.D.N.C. July 7, 2005) (mem. op.).  We dispense with oral argument because the facts and

6

legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED