**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4083**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONNELLY PARRIS WILLIAMS,

Defendant - Appellant.

———————

**No. 07-4138**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENDRA LATIFA WILLIAMS,

Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:06-cr-00100-RGD)

———————

Submitted:  October 17, 2007        Decided:  November 5, 2007

———————

Before MICHAEL, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

Timothy V. Anderson, ANDERSON & ASSOCIATES, PC, Virginia Beach, Virginia; Larry M. Dash, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Norfolk, Virginia, for Appellants. Chuck Rosenberg, United States Attorney, Andrew M. Robbins, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Donnelly Parris Williams pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846 (2000); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000); and being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (2000). Kendra Latifa Williams pled guilty to being a convicted felon in possession of a firearm and ammunition, in violation of §§ 922(g)(1) and 924(a)(2), and maintaining a drug involved premises, in violation of 21 U.S.C. § 856 (2000). Having preserved their rights to appeal the district court's denial of their motion to suppress, they appealed their convictions, arguing the district court so erred. We find no error and affirm.

The appellants challenge the sufficiency of the affidavit underlying the search warrant, primarily relying on <u>United States v. Holt</u>, 196 F. App'x 213 (4th Cir. 2006) (unpublished). Detective McAndrew requested a search warrant for 48 Gillis Road, Portsmouth, and for Donnelly Williams. In requesting the search warrant, McAndrew provided in his affidavit:

> This affiant had the occasion to speak with a Confidential and Reliable Informant who stated that within the past 72 hours it has been up to and inside of 48 Gillis Road, Portsmouth, Virginia. The C.I. stated that while inside the above residence it observed "Fat Donnie" who is described in part two of this affidavit in

- 3 -

possession of and selling quantities of heroin. The C.I. stated that "Fat Donnie" drives a Green Mazda MPV van with chrome rims. This affiant showed the C.I. Several photographs one of which was of Donnelly Parrish Williams who is described in part two of this affidavit. The C.I. positively identified the photograph as being the same subject it knows as "Fat Donnie". This affiant conducted a criminal history check and it showed Donnelly Parrish Williams having 12 prior felony convictions. Donnelly P. Williams has been convicted of Malicious Wounding, Possession of Heroin three times and Carrying a Concealed Weapon two times in the past. This affiant and members of the Portsmouth Special Investigations Unit conducted surveillance at 48 Gillis Road where they observed a Green Mazda MPV van with chrome rims parked in front of this location. The Green Mazda MPV van had Virginia Tags JVC-6882 that returned registered to Kendra Latifa Williams of 33 Manly Street., Portsmouth, Virginia.

The affidavit additionally provided that the confidential informant in question had demonstrated reliability through information provided in the past that led to the arrest of criminal drug dealers and recovery of illegal narcotics.

In searching the dwelling, police officers found heroin, cocaine, drug packaging materials, $1824 in cash, a police scanner, two revolvers, a semi-automatic rifle, and ammunition. Both appellants resided at the house. During the search, Donnelly Williams arrived in a red truck. On his person, they found $410 in cash, heroin, and cocaine. In the truck, police officers found a handgun and some ammunition.

The district court denied the appellants' motion to suppress, holding that the affidavit provided a sufficient basis for the magistrate judge to find probable cause, and that, regardless, the good faith exception to the exclusionary rule would

save the evidence from exclusion, because the police officers acted reasonably in executing the warrant.

When a party challenges both the probable cause determination and the conclusion that the good faith rule applies, a reviewing court will ordinarily address the good faith determination first, unless the case involves the resolution of a novel question of law necessary to provide guidance to police officers and magistrate judges. See United States v. Legg, 18 F.3d 240, 243 (4th Cir. 1994). Evidence seized pursuant to a defective warrant will not be suppressed unless: (1) the affidavit contains "'knowing or reckless falsity'"; (2) the magistrate acts as a rubber stamp for the police; (3) the affidavit does not provide the magistrate with a "'substantial basis for determining the existence of probable cause'"; or (4) the warrant is so facially deficient that an officer could not reasonably rely on it. United States v. Wilhelm, 80 F.3d 116, 121 (4th Cir. 1996) (quoting United States v. Leon, 468 U.S. 897, 923 (1984)). Appellants argue the police officers could not have reasonably relied on the warrant because it was so facially lacking in probable cause.

The crucial element determining probable cause is "whether it is reasonable to believe that the items to be seized will be found in the place to be searched." United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir. 1993). Information must link criminal activity to the place to be searched. Id. at 1583.

The primary information in the affidavit connecting Donnelly Williams to drug trafficking was the direct observation of a drug sale by a reliable informant and Donnelly's criminal record. See United States v. Bynum, 293 F.3d 192, 197-98 (4th Cir. 2002) (holding that an individual's prior crimes can affect the probable cause determination). Furthermore, the information provided in the affidavit specifically linked Donnelly Williams's drug trafficking to 48 Gillis Road. The fact that both the magistrate issuing the warrant and the district court reviewing the sufficiency of the warrant concluded that there was probable cause to search is further evidence of the objective good faith of the officers in executing the warrant. See Lalor, 996 F.2d at 1583 (finding significant to a determination of good faith that two judicial officers had concluded that the affidavit provided probable cause to search). We accordingly conclude the warrant was not so facially deficient as to render Detective McAndrew's reliance upon it unreasonable. See United States v. Wylie, 705 F.2d 1388, 1391-92 (4th Cir. 1983) (upholding search warrant when the only information connecting the defendant to the searched apartment was that the defendant once provided the apartment phone number as contact information, a van he was seen driving was seen leaving the apartment parking lot without him, and a tip he was in the apartment one evening). Therefore, we conclude the evidence was admissible under the good faith exception to the exclusionary rule.

For these reasons, the district court correctly denied the appellants' motion to suppress.  Accordingly, we affirm the convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED